1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   SALIK RAM and
     RAJ PATI,
11
                Plaintiffs,            No. CIV S-10-1834 LKK DAD PS
12
         v.
13
     WACHOVIA MORTGAGE, FSB;           ORDER AND
14   WELLS FARGO BANK, N.A.;           FINDINGS AND RECOMMENDATIONS
     LAWYERS INCORPORATION
15   SERVICE; CAL WESTERN
     RECONVEYANCE CORP.; and
16   WORLD SAVINGS BANK, FSB

17              Defendants.
                                    /
18

19          This case came before the court on September 17, 2010, for hearing on an

20   amended motion to dismiss plaintiffs' complaint pursuant to Federal Rules of Civil Procedure 8,9

21   and 12(b)(6) filed on behalf of defendant Wachovia Mortgage, a division of Wells Fargo Bank,

22   N.A., formerly known as Wachovia Mortgage, FSB, formerly known as World Savings Bank,

23   FSB (hereinafter "Wachovia").[1]  (Doc. No. 10.)  Jeremy Shulman, Esq. appeared telephonically

24   _____

25          [1]  Defendant Wachovia's motion was originally noticed for hearing before the assigned
     district judge.  Due to plaintiffs' pro se status, defendants were advised on August 9, 2010, that
26   pursuant to Local Rule 302(c)(21), the motion should be re-noticed before the undersigned.

                                         1

for defendant Wachovia.  Plaintiffs did not file written opposition to the motion to dismiss nor did they appear at the hearing on the motion.[2]  Upon consideration of all materials filed in connection with the motions, arguments at the hearing, and the entire file, the undersigned recommends that defendant Wachovia's motion to dismiss be granted and that this case be closed.

                                             BACKGROUND

         Plaintiffs originally filed their complaint on May 4, 2010, in the Sacramento County Superior Court.  On July 14, 2010, defendant Wachovia removed the action pursuant to 28 U.S.C. § 1441(b) on the grounds that this court has original jurisdiction over the claims arising under the laws of the United States brought by plaintiffs in their complaint under 28 U.S.C. § 1331.  See Notice of Removal (Doc. No. 1) at 1.[3]

                                        PLAINTIFFS' CLAIMS

         In their rambling thirty-four page verified complaint, which the court recognizes as essentially a copy of other complaints filed recently with this court by other litigants, the pro se plaintiffs allege as follows.  They are the owners of the subject residential property located in Sacramento, California.  (Compl. (Doc. No. 1) at 6, ¶ 4.)[4]  On December 13, 2006, they obtained an adjustable rate mortgage loan in the amount of $262,500 from World Savings Bank, FSB., which later became defendant Wachovia.  (Id. at ¶ 5.)  The mortgage loan was secured by a deed

---

[2]  Plaintiffs' failure to file opposition to the pending motion as required under Local Rule 230(c), along with their failure to appear at the hearing on the motion, would be sufficient to support dismissal of this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

[3]  As indicated in the Notice of Removal filed with this court, defendant Western Reconveyance Corporation (hereinafter "Western") consented to the removal after filing a Declaration of Non-Monetary Status in the state court action.  (Doc. Nos. 1 and 2.)  However, defendant Western has not joined in the pending motion to dismiss and, in error, the identity of their counsel is not presently reflected on this court's docket.  There is no indication that named defendant Lawyers Incorporation Services ever appeared in the state court action prior to removal nor have they appeared in this court.  (Doc. No 1 at 2.)  The status of these named but non-appearing and/or non-moving defendants will be addressed below.

[4]  Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

1 of trust recorded on the subject property.  (Id. at ¶ 11.)  Although not specifically alleged in the

2 complaint, it appears that plaintiffs defaulted on the mortgage and the subject property was

3 foreclosed upon since plaintiffs seek to have "the foreclosure which was instituted" "declared

4 illegal and void."  (Id. at 37.)

5    According to plaintiffs, defendants induced them into the mortgage loan that "did

6 not and could not meet normal underwriting standards for a residential mortgage."  (Id. at ¶ 6.)

7 The appraisal done in connection with the loan was inflated, along with other loan data, to

8 justifying the closing of the transaction when, in fact, defendants knew plaintiffs could never

9 repay the loan and despite defendants' assurances to the contrary.  (Id. at ¶ 7.)  Defendants sole

10 purpose was to collect "fees, rebates, kickbacks and profits that were never disclosed to

11 Plaintiff[s]."  (Id. at ¶ 10.)[5]  Contrary to the documentation provided to plaintiffs, defendants

12 were neither the source of funding nor the true lender in the mortgage loan transaction.  (Id. at ¶

13 13.)  Due to defendants' failure to record agreements and assignments in connection with the loan

14 transaction and through the pooling of assets and securitization of the mortgage loans, there is

15 now no holder of the note in due course with standing to enforce the loan though non-judicial

16 foreclosure.  (Id. at ¶¶ 14-29.)  Defendants never advised plaintiffs of the details of the mortgage

17 loan transaction, including required preliminary disclosures, and misled plaintiffs into accepting a

18 sub-prime adjustable rate mortgage.  (Id. at ¶¶ 30-39.)  Defendants acted as creditors in defrauding

19 plaintiffs by failing to properly credit payments made by them on the loan and miscalculating

20 interest and fees, resulting in plaintiffs overpaying interest on the loan.  (Id. at ¶¶ 41-49.)

21    Based on these allegations plaintiffs assert claims for relief under (or for):  the

22 Home Ownership Equity Protection Act (HOEPA), 15 U.S.C. § 1639, et seq.; the Real Estate

23 Settlement Procedures Act (RESPA), 12 U.S.C. § 2605, et seq.; the Truth in Lending Act (TILA),

24 15 U.S.C. §  1601, et seq. ; the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1687(s)(2)(b);

25

26   [5]  Most of plaintiffs' allegations are directed collectively at "the defendants" generally, without any indication of which defendant is allegedly responsible for the actions alleged.

1   Fraudulent Misrepresentation; Breach of Fiduciary Duty; Unjust Enrichment; Civil Conspiracy;

2   the Racketeering Influenced and Corrupt Organization Act (RICO), 18 U.S.C. § 1961 et seq.; and

3   for Quiet Title.  (Compl. (Doc. No 1) at 27-36,  ¶¶ 54-119.)  In terms of relief, plaintiffs

4   essentially seek an order declaring that the mortgage loan transaction and subsequent foreclosure

5   proceedings were illegal and are rendered void, that defendants lack any interest in the subject

6   property, terminating all collection and foreclosure activities, restoring unencumbered title to

7   plaintiffs and an award of damages, fees and costs.  (Compl. (Doc. No 1) at 35-37.)

8                                    DEFENDANT'S ARGUMENTS

9            Defendant Wachovia seeks dismissal of plaintiffs' complaint pursuant to Federal

10  Rules of Civil Procedure 8, 9 and 12(b)(6) on the grounds that plaintiffs have failed to provide a

11  short and plain statement of their claims against each defendant and have failed to state any

12  cognizable claim.  Specifically, defendant Wachovia advances the following arguments.

13  Plaintiffs' HOEPA claim, both with respect to damages and for rescission, is barred by the

14  applicable statute of limitations and plaintiffs have not adequately alleged any statutory violation.

15  Plaintiffs' RESPA claim is also barred by the applicable one-year statute of limitations and, in any

16  event, fails due to their failure to allege a statutory violation or that they have suffered any damage

17  as a result thereof.  Likewise, plaintiffs' TILA claim, with respect to damages and for rescission,

18  is time-barred and fails because plaintiffs have not tendered the borrowed funds and have failed to

19  allege a violation of any provision of the TILA.  Plaintiffs' FCRA claim must be dismissed

20  because there is no applicable private right of action under that statute and, in any event, plaintiffs

21  have failed to allege any violation of its provisions.  The fraud claim is both time-barred and fails

22  because plaintiffs have not alleged fraud with the particularity required under Federal Rule of

23  Civil Procedure 9(b) and state law.  Plaintiffs' breach of fiduciary duty claim must be dismissed

24  because it is preempted by the Home Owners' Loan Act (HOLA), is time-barred and because

25  defendants owe no duty to plaintiffs in this mortgage loan transaction.  Plaintiffs' unjust

26  enrichment claim fails for the same reasons that their breach of fiduciary duty claim must be

4

dismissed.  Plaintiffs' civil conspiracy claim is subject to dismissal because it is not an independent cause of action and because it is time-barred, preempted by HOLA and because plaintiffs have failed to adequately allege a predicate fraud.  The civil RICO claim is insufficiently alleged and is unsupported by the factual allegations of the complaint.  Plaintiffs' quiet title claim must be dismissed because they have not stated a valid claim for rescission and have failed to allege satisfaction of the tender requirement.  Finally, defendant Wachovia argues that the complaint should be dismissed without leave to amend.  (Doc. No. 10.)

        As noted above, plaintiffs have filed no written opposition to the motion and did not appear at the hearing on defendant Wachovia's motion to dismiss.

LEGAL STANDARDS APPLICABLE TO DEFENDANTS' MOTION

        The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint.  N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Thus, a defendant's Rule 12(b)(6) motion challenges the court's ability to grant any relief on the plaintiff's claims, even if the plaintiff's allegations are true.

        In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  However, the court need not assume the truth of legal conclusions cast in the form of factual allegations.  W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

/////

1    Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a

2    complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that

3    state the elements of each claim plainly and succinctly.  Fed. R. Civ. P. 8(a)(2); Jones v.

4    Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "A pleading that offers 'labels

5    and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.'  Nor

6    does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'"

7    Ashcroft v. Iqbal, ___U.S.___, ___,129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at

8    555, 557.  The plaintiff must allege with at least some degree of particularity overt acts which the

9    defendants engaged in that support the plaintiff's claims.  Jones, 733 F.2d at 649.  A complaint

10   must also contain "a short and plain statement of the grounds for the court's jurisdiction" and "a

11   demand for the relief sought."  Fed. R. Civ. P. 8(a)(1) & 8(a)(3).

12   With regard to claims of fraud, "the circumstances constituting fraud . . . shall be

13   stated with particularity."  Fed. R. Civ. P. 9(b).  "Rule 9(b) serves not only to give notice to

14   defendants of the specific fraudulent conduct against which they must defend, but also 'to deter

15   the filing of complaints as a pretext for the discovery of unknown wrongs, to protect [defendants]

16   from the harm that comes from being subject to fraud charges, and to prohibit plaintiffs from

17   unilaterally imposing upon the court, the parties and society enormous social and economic costs

18   absent some factual basis.'"  Bly-Magee v. California, 236 F.3d 1014, 1018 (9th Cir. 2001)

19   (quoting In re Stac Elec. Sec. Litig., 89 F.3d 1399, 1405 (9th Cir. 1996)).  Thus, pursuant to Rule

20   9(b), a plaintiff alleging fraud at a minimum must plead evidentiary facts such as the time, place,

21   persons, statements and explanations of why allegedly misleading statements are misleading.  In

22   re GlenFed, Inc. Sec. Litig., 42 F. 3d 1541, 1547 n.7 (9th Cir. 1994); see also Vess v. Ciba-Geigy

23   Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003); Fecht v. Price Co., 70 F.3d 1078, 1082 (9th Cir.

24   1995).  Likewise, "[u]nder California law, the 'indispensable elements of a fraud claim include a

25   false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages.'"

26   Vess, 317 F.3d at 1105 (quoting Moore v. Brewster, 96 F.3d 1240, 1245 (9th Cir. 1996)).

ANALYSIS

At the outset, defendant Wachovia has requested judicial notice of documents related to the matters at issue.  (Docs. No. 11.)  Specifically, defendant Wachovia requests that the court take judicial notice of:  (A) an Adjustable Rate Mortgage Note in the amount of  $262,500 related to the subject property, dated December 13, 2006 and signed by plaintiffs; (B) a Deed of Trust securing the subject property executed by plaintiffs dated December 13, 2006 and recorded in the Sacramento County Recorder's Office on December 19, 2006; (C) a Certificate of Corporate Existence dated April 21, 2006, Office of Thrift Supervision, Department of the Treasury; (D) a letter dated November 19, 2007, Office of Thrift Supervision, Department of the Treasury re Notice of Amendment of Charter and Bylaws for World Savings Bank, FSB; (E) Charter of Wachovia Mortgage, DFSB, dated December 31, 2007, reflecting that it is subject to HOLA and the Office of Thrift Supervision; (F) a Federal Deposit Insurance Corp (FDIC) Profile and History for Wachovia Mortgage, FSB, dated August 6, 2010 reflecting its active status and its primary regulator as the Office of Thrift Supervision; and (G) an Official Certification of the Comptroller of the Currency stating that, effective November 1, 2009, Wachovia Mortgage, FSB converted to Wells Fargo Bank Southwest, N.A. which then merged with and into Wells Fargo Bank, N.A.  (Doc. No. 11, Exs. A - G.)

Defendant Wachovia's requests for judicial notice will be granted pursuant to Federal Rule of Evidence 201.  See Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001) (on a motion to dismiss, court may consider matters of public record); MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986) (on a motion to dismiss, the court may take judicial notice of matters of public record outside the pleadings).

I.      HOEPA Claim

In their complaint plaintiffs allege in conclusory fashion that defendants violated the provisions of HOEPA by failing to make required disclosures to plaintiffs in a conspicuous fashion, failing to disclose the right to rescind the transaction and extending credit to plaintiffs

1  without regard to their ability to repay.  (Compl. at ¶¶ 59, 61.)

2       As defendant Wachovia correctly point out, the statute of limitations governing an

3  action for damages under HOEPA calls for the filing of a complaint within one year of the date

4  the violation occurred.  15 U.S.C. § 1640(e).  This limitations period starts to run from "the date

5  of consummation of the transaction."  King v. California, 784 F.2d 910, 915 (9th Cir. 1986).  See

6  also Monaco v. Bear Stearns Residential Mortg. Corp., 554 F. Supp. 2d 1034, 1039 (C.D. Cal.

7  2008).  Here, plaintiff's entered into the mortgage loan transaction on December 13, 2006, but did

8  not file their complaint until May 4, 2010.  Although this statute of limitations may be subject to

9  equitable tolling under appropriate circumstances (King, 784 F.2d at 914-15), plaintiffs have

10  made no showing justifying application of equitable tolling in this case.  Accordingly, their

11  HOEPA claim for damages is time-barred.

12       In addition, plaintiffs' complaint alleges no violation of HOEPA's provisions but

13  instead merely rely upon conclusory allegations regarding disclosures.  (Compl. at ¶ 58, 61.)  Such

14  allegations are clearly insufficient to state a cognizable claim under HOEPA.

15       Finally, despite the complaint's suggestion to the contrary, it is clear that the

16  defendants "[h]ad no duty to disclose to plaintiff[s] that [t]he[y] did not have the ability to repay

17  the loan.  Cross v. Downey Savings & Loan Ass'n, No. CV 09-317 CAS (Ssx), 2009 WL 481482,

18  at *5 (C.D. Cal. Feb 23, 2009) (citing Nymark v. Heart Fed. Savings & Loan Assn., 231 Cal.

19  App.3d 1089, 1096 (1991)); Davidson v. Countrywide Home Loans, Inc, No. 09-CV-2694-IEG

20  (JMA), 2010 WL 2925440, at *9 (S.D. Cal. July 23, 2010) ("[T]o the extent Plaintiff bases this

21  claim on the contention that Countrywide gave Davidson a loan she could not afford, this claim

22  would fail."); Camillo v. Washington Mutual Bank, F.A., No. 1:09-CV-1548 AWI SMS, 2009

23  WL 3614793, * 7 (E.D. Cal. Oct. 27, 2009) ("Thus, Defendants had not duty to disclose to

24  [Plaintiffs] that [they] did not have the ability to repay the loan.")

25       Accordingly, plaintiffs' HOEPA claim should be dismissed.

26  /////

1  II.     RESPA Claim

2           Plaintiffs, once again in perfunctory fashion, allege that defendants violated the

3  provisions of RESPA by accepting charges for real estate services when the charges did not in fact

4  relate to such services performed by them.  (Compl. ¶ 68.)

5           Plaintiffs' RESPA cause of action is also time-barred.  Claims for damages under

6  12 U.S.C. § 2607 are also subject to a one-year statute of limitations from the date the violation

7  occurs.  See 12 U.S.C. § 2614; see also Allan v. Greenpoint Mortgage Funding, 730 F. Supp. 2d

8  1071, 1076 (N.D. Cal. 2010); Green v. Alliance Title, et al., No. CIV S-10-0242 MCE EFB PS,

9  2010 WL 3505072, at *6 (E.D. Cal. Sept. 2, 2010).  As noted above with respect to their HOEPA

10  claim, plaintiffs commenced this suit over three years after the mortgage loan was made and any

11  RESPA violation could have occurred, and over two years and four months after the statute of

12  limitations for a claim of damages under RESPA had expired.[6]

13          In addition, plaintiffs' complaint fails to allege a violation of the provisions of

14  RESPA nor does it allege that plaintiffs were damages as a result of any such violation.

15  Therefore, plaintiffs have failed to state a cognizable claim for this reason as well.

16          Accordingly, plaintiffs' claim under RESPA should be dismissed.

17  III.    TILA Claim

18          Plaintiffs allege that in connection with their mortgage loan defendants failed to

19  make disclosures of charges, improperly disclosed finance charges and calculated the annual

20  _____

21          [6]  It is noteworthy that while RESPA's purpose is to "curb abusive settlement practices in
the real estate industry, courts have concluded that with respect to several of its disclosure

22  requirements, "[s]uch amorphous goals . . . do not translate into a legislative intent to create a
private right of action." Bloom v. Martin, 865 F. Supp. 1377, 1385 (N.D. Cal.1994), aff'd, 77

23  F.3d 318 (9th Cir. 1996).  See also Bojorquez v. Gutierrez, No. C 09-03684 SI, 2010 WL
1223144, at *8 (N.D. Cal. Mar. 25, 2010) (no private right of action exists for certain disclosure

24  violations under RESPA).  "The structure of RESPA's various statutory provisions indicates that
Congress did not intend to create a private right of action for disclosure violations under 12

25  U.S.C. § 2603  . . . Congress did not intend to provide a private remedy . . . ." Bloom, 865 F.
Supp. at 1384.  See also Allan v. Greenpoint Mortgage Funding, 730 F. Supp. 2d 1071, 1076

26  (N.D. Cal. 2010) (no private right of action with respect to RESPA's provisions requiring lenders
to provide a Good Faith Estimate (GFE) or the HUD-1 form to borrowers)

1  percentage rate improperly, in violation of the provisions of TILA.  (Compl. ¶¶ 70-74.)  Plaintiffs

2  seek rescission and the award of damages.

3          Plaintiffs' TILA claim for damages is barred because such a suit must be filed

4  within one year following the alleged violation.  15 U.S.C. § 1640(e).  The failure to make

5  required disclosures for purposes of a damages claim under TILA occurs on the date the loan

6  documents are signed, because on that date the buyer is in possession of all information relevant

7  to they buyer's discovery of the TILA violation and the basis for a damages claim.  Meyer v.

8  Ameriquest Mortgage Co., 342 F.3d 899, 902 (9th Cir. 2003); Lingad v. Indymac Federal Bank,

9  682 F. Supp. 2d 1142, 1147 (E.D. Cal. 2010) ("[W]hen a plaintiff fails to allege any facts

10  demonstrating that the TILA violations alleged could not have been discovered by due diligence

11  during the one-year statutory period, equitable tolling should not be applied and dismissal at the

12  pleading stage is appropriate."); Rosal v. First Federal Bank of California, 671 F. Supp. 2d 1111,

13  1122 (N.D. Cal. 2009).

14          In addition, plaintiffs' claim for rescission, as opposed to damages, under TILA

15  would also be time-barred, since such claims are governed by a three-year statute of limitations.

16  15 U.S.C. § 1635(f); King, 784 F.2d at 913 (9th Cir. 1986).  As noted above, plaintiffs

17  commenced this action over three years after the mortgage loan was made and months after the

18  statute of limitations for either a claim of damages or rescission under TILA had expired.

19          Moreover, to state a claim for rescission under TILA the plaintiffs must allege that

20  they are able to tender the proceeds of their loan.  See Yamamoto v. Bank of New York, 329 F.3d

21  1167, 1171 (9th Cir. 2003) (holding that rescission under TILA "*should* be conditioned on

22  repayment of the amounts advanced by the lender" and explaining that, because rescission is a

23  remedy that restores the status quo ante, a borrower seeking rescission is required to allege ability

24  to tender the loan proceeds); LaGrone v. Johnson, 534 F.2d 1360, 1362 (9th Cir. 1974); Garcia v.

25  Wachovia Mortgage Corp., 676 F. Supp.2d 895, 903 (C.D. Cal. 2009); see also Lal v. American

26  Home Servicing, Inc., 680 F. Supp. 2d 1218, 1222-23 (E.D. Cal. 2010) (tender requirement for a

1  TILA rescission claim not met by plaintiff/borrower's proffer that once successful in their civil

2  action they will be able to secure refinancing to satisfy obligation).  There is no allegation with

3  respect to satisfying this tender requirement in plaintiffs' complaint.

4         In their complaint plaintiffs also indicate that the loan in question was obtained by

5  them on their primary residence.  As such, this was a "residential mortgage transaction" which is

6  exempt from TILA's right of rescission.  See 15 U.S.C. § 1635(e)(1); Barrett v. JP Morgan Chase

7  Bank, N.A., 445 F.3d 874, 879 (6th Cir. 2006); Khan v. GMAC Mortgage, LLC, No. 2:10-cv-

8  00900-GEB-JFM, 2010 WL 2635095, at *3 (E.D. Cal. June 30, 2010); Wilson v. First Franklin

9  Financial Corp., Civ. No. S-08-2572 FCD/JFM, 2010 WL 2106551, at *2 (E.D. Cal. May 25,

10  2010) (concluding that such residential mortgage transactions are also exempted from Regulation

11  Z (12 C.F.R. § 226.23(f)(1)) and the Home Ownership and Equity Protection Act (15 U.S.C. §

12  1602(aa)(1))) .

13         Finally, the vague and conclusory factual allegations of plaintiffs' complaint fail to

14  allege a violation of any specific provision of TILA.  For all of these reasons, plaintiffs' TILA

15  claim should be dismissed.

16  IV.    FCRA Claim

17         Plaintiffs allege that defendants violated FCRA by reporting negative information

18  regarding them to one or more credit reporting agencies, after "tricking" plaintiffs into entering

19  this mortgage loan transaction.  (Compl. at ¶ 76.)

20         However, FCRA does not provide a private right of action for knowingly

21  furnishing inaccurate information relating to a consumer to any consumer reporting agency.  15

22  U.S.C. §  1681s-2(d); Gorman v. Wolpoff & Abramson, 584 F.3d 1147, 1154 n.9 (9th Cir. 2009);

23  Nelson v. Chase Manhattan Mortgage Corp. 282 F.3d 1057, 1060 (9th Cir. 2002) ("Congress did

24  not want furnishers of credit information exposed to suit by any and every consumer dissatisfied

25  with the credit information furnished.  Hence, Congress limited the enforcement of the duties

26  imposed by § 1681s-2(a) to governmental bodies."); Gens v. Wachovia Mortgage Corp., No. 10-

1  cv-1073-LHK, 2011 WL 9121, at *8 (N.D. Cal. Jan. 3, 2011) ("[T]he FCRA does not provide for

2  a right of action against a furnisher of false information.")  As plaintiffs' lender, defendant

3  Wachovia is not a "provider" of credit information but merely a "furnisher" of such information

4  and, therefore, no cognizable FCRA claim can be stated against defendant Wachovia on that

5  basis.  Plaintiffs allege no other violations of the provisions of FCRA.  Accordingly, this claim

6  should be dismissed.

7  V.      Fraudulent Misrepresentation Claim

8           In their complaint plaintiffs allege in general fashion that defendants "knowingly

9  and intentionally concealed material information" from them that was required to be disclosed

10  "before and at closing," thereby evidencing defendants' fraudulent misrepresentation.  (Compl. at

11  ¶ 81.  Such conclusory allegations fail to state a cognizable claim.  First, it is impossible to

12  ascertain with any degree of particularity the precise conduct being alleged as to each of the

13  named defendants.  As such, plaintiffs have failed to place each of the defendants on notice of the

14  claim or claims being asserted against them.  Furthermore, however, plaintiffs' fraud claim

15  invokes no applicable statutory or common law authority pursuant to which the court could grant

16  relief.

17           Nonetheless, construing the pro se complaint liberally, the court notes that under

18  California Civil Code § 1689(b)(1), a party to a contract may rescind the agreement if his or her

19  consent to the contract was obtained through fraud.  However, under California law a claim of

20  fraud must allege the following elements:  "(a) a misrepresentation (false representation,

21  concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e.,

22  to induce reliance; (d) justifiable reliance; and (e) resulting damage."  In re Estate of Young, 160

23  Cal. App.4th 62, 79 (2008) (quoting Lazar v. Superior Court, 12 Cal.4 th 631, 638 (1996) (internal

24  quotation marks omitted).  When asserting a fraud claim against a corporation, "the plaintiff's

25  burden . . . is even greater . . . .  The plaintiff must 'allege the names of the persons who made the

26  allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said

1   or wrote, and when it was said or written.'" Lazar, 12 Cal.4th at 645 (quoting Tarmann v. State

2   Farm Mutual Auto. Ins. Co., 2 Cal. App. 4th 153, 157 (1991)).

3          Similarly, federal law requires that "[i]n all averments of fraud or mistake, the

4   circumstances constituting fraud or mistake shall be stated with particularity.  Malice, intent,

5   knowledge and other condition of mind of a person may be averred generally."  Fed. R. Civ. Proc.

6   9(b).  The Ninth Circuit has "interpreted Rule 9(b) to mean that the pleader must state the time,

7   place and specific content of the false representations as well as the identities of the parties to the

8   misrepresentation."  Alan Neuman Productions, Inc. v. Albright, 862 F.2d 1388, 1393 (9th Cir.

9   1988).  See also e.g. Spencer v. DHI Mortgage Co., Case No. CV F 09-0925 LJO DLB, 2009 WL

10  1930161, at *6 (E.D. Cal. June 30, 2009).  Dismissal of a fraud claim is appropriate when its

11  allegations fail to meet the required pleading standard.  Vess, 317 F.3d at 1107; see also Cooper v.

12  Pickett, 137 F.3d 616, 627 (9th Cir. 1997) ("fraud allegations must be accompanied by 'the who,

13  what, when, where, and how' of the misconduct alleged"); Decker v. Glenfed, Inc., 42 F.3d 1541,

14  1548 (9th Cir. 1994); 1991); Tarmann, 2 Cal. App.4th at 157.[7]  Here, plaintiffs' bare allegations of

15  fraudulent concealment are clearly insufficient to state a cognizable fraud claim under the

16  standards set forth above.

17         In addition, plaintiffs' fraudulent misrepresentation claim is untimely since it was

18  filed more than four months after the applicable three-year statute of limitations expired.  Cal.

19  Code of Civ. Proc. 338(d).[8]

20  _____

21      [7] The court also notes that any fraud claim brought by plaintiffs in connection with this
    mortgage loan transaction is governed by a three year statute of limitations and would be time-
22  barred for the reasons addressed above in connection with their federal claims.  Cal. Code Civ.
    Proc. 338(d).
23
        [8] Defendant Wachovia also argues that all of plaintiffs' state law claims are preempted
24  by the Homeowners' Loan Act (HOLA), 12 U.S.C. § 1462, et seq. as interpreted in Silvas v.
    E*Trade Mortgage Corp., 514 F.3d 1001, 1004-05 (9th Cir. 2008).  Because it is unnecessary to
25  the disposition of the pending motion to do so, the undersigned will not address this argument in
    connection with any of plaintiffs' claims brought under state law.  See Champlaie v. BAC Home
26  Loans Servicing, LP, 706 F. Supp. 2d 1029, 1045 (E.D. Cal. 2009) (noting that district courts

1    Plaintiffs claim for fraudulent misrepresentation should therefore be dismissed for

2  failure to state a claim upon which relief can be granted.

3  VI.    Breach of Fiduciary Duty Claim

4    Plaintiffs allege that defendants breached their fiduciary duties to plaintiffs by

5  fraudulently inducing them to enter this mortgage loan transaction which was contrary to

6  plaintiffs' interest.  (Compl. ¶ 89.)  Plaintiffs' allegations in this regard fail to state any cognizable

7  claim for relief.

8    "The elements of a cause of action for breach of fiduciary duty are: 1) the existence

9  of a fiduciary duty; 2) a breach of the fiduciary duty; and 3) resulting damage." Pellegrini v.

10  Weiss, 165 Cal. App.4th 515, 524 (2008).  "A fiduciary or confidential relationship can arise

11  when confidence is reposed by persons in the integrity of others, and if the latter voluntarily

12  accepts or assumes to accept the confidence, he or she may not act so as to take advantage of the

13  other's interest without that person's knowledge or consent." Pierce v. Lyman, 1 Cal. App.4th

14  1093, 1101-02 (1991).  "The relationship between a lending institution and its borrower-client is

15  not fiduciary in nature." Nymark v. Heart Fed. Savings & Loan Assn., 231 Cal. App.3d 1089,

16  1093 n. 1, 1096 (1991) ("[A]s a general rule, a financial institution owes no duty of care to a

17  borrower when the institution's involvement in the loan transaction does not exceed the scope of

18  its conventional role as a mere lender of money."); see also Oaks Management Corp. v. Superior

19  Court, 145 Cal. App.4th 453, 466 (2006) (absent special circumstances, a loan transaction is at

20  arms-length and there is no fiduciary relationship between the borrower and lender).  Rather, a

21  commercial lender is entitled to pursue its own economic interests in a loan transaction. Nymark,

22  231 Cal. App.3d at 1093 n. 1 (citing Kruse v. Bank of America, 202 Cal. App.3d 38, 67 (1988)).

23    Defendant Wachovia had no fiduciary duty to plaintiff, absent special

24  circumstances.  Plaintiffs have not alleged any facts suggesting the existence of special

25  _____

26  have differed in their application of the decision in Silvas to subsequent foreclosure cases such as
    this).

1   circumstances such that a fiduciary relationship between themselves and defendant Wachovia

2   was created, i.e., facts suggesting that the defendants' involvement in the loan transaction

3   exceeded the scope of the conventional role as a mere money lender.  Instead, plaintiffs'

4   complaint contains only bare conclusory allegations, which are insufficient to withstand a motion

5   to dismiss.  See Twombly, 550 U.S. at 555-56.[9]

6   VII.   Unjust Enrichment

7          Plaintiffs allege defendants were unjustly enriched as a result of this mortgage loan

8   transaction in the form of higher interest rates, fees, rebates, kickbacks and profits, as well as

9   payments from various third parties.  (Compl. ¶ 94-95.)  Plaintiffs' allegations in this regard also

10  fail to state a cognizable claim.

11         As one judge of this court has recently explained:

12         The elements of an unjust enrichment claim are receipt of a benefit
           and unjust retention of the benefit at the expense of another. Peterson
13         v. Cellco Partnership, 164 Cal. App.4th 1583, 1593, 80 Cal.  Rptr. 3d
           316 (2008); Lectrodryer v. SeoulBank, 77 Cal. App.4th 723, 726, 91
14         Cal. Rptr.2d 881 (2000).  However, "the mere fact that a person
           benefits another is not of itself sufficient to require the other to make
15         restitution therefor." Peterson, 164 Cal. App.4th at 1593, 80 Cal.
           Rptr.3d 316.  Unjust enrichment is typically sought in connection
16         with a "quasi-contractual" claim in order to avoid unjustly conferring
           a benefit upon a defendant where there is no valid contract. McBride
17         v. Boughton, 123 Cal. App.4th 379, 388, 20 Cal. Rptr.3d 115 (2004).

18         The complaint's unjust enrichment claim fails because the complaint
           fails to state any facts in support of the contention that Defendants
19         received and retained benefits and payments to which they were not
           entitled.  In addition, under California law, an action in quasi-
20         contract does not lie "when an enforceable, binding agreement exists
           defining the rights of the parties." Paracor Fin. v. Gen. Elec. Capital
21         Corp., 96 F.3d 1151, 1167 (9th Cir. 1996); Hedging Concepts, Inc. v.
           First Alliance Mortgage Co., 41 Cal. App.4th 1410, 1419-20, 49 Cal.

22

23         [9]  It may also be that plaintiffs' state law claim for breach of fiduciary duty would be
      barred by a two-year statute of limitations.  See Cal. Code Civ. P. § 339; Hydro-Mill Co., Inc. v.
24    Hayward Tilton & Rolan, Associates, Inc., 115 Cal. App.4th 1145, 1159-60 (2004) (two-year
      limitations period for professional negligence actions found to apply to cause of action for breach
25    of fiduciary duty because "the gravamen" of the claim was the alleged failure of the defendant to
      execute its obligations as an insurance broker).  However, the court need not reach that issue
26    since the claim is subject to dismissal on the grounds set forth above.

Rptr.2d 191 (1996). The complaint alleges Plaintiff and Defendants entered into the Loan, and no allegations in the complaint support a claim that no contract exists between the parties.  The complaint does not allege sufficient facts to maintain a plausible claim for unjust enrichment.

In addition, most California courts agree that there is no cause of action in California for unjust enrichment.  Walker v. Equity 1 Lenders Group, 2009 WL 1364430, *9 (S.D. Cal. 2009); Jogani v. Superior Court, 165 Cal. App.4th 901, 911, 81 Cal. Rptr.3d 503 (2008); Melchior v. New Line Productions, Inc., 106 Cal. App.4th 779, 794, 131 Cal. Rptr.2d 347 (2003).  "The phrase 'Unjust Enrichment' does not describe a theory of recovery, but an effect: the result of a failure to make restitution under circumstances where it is equitable to do so."  Lauriedale Associates, Ltd. v. Wilson, 7 Cal. App.4th 1439, 1448, 9 Cal. Rptr.2d 774 (1992).  "Unjust enrichment is a general principle, underlying various legal doctrines and remedies, rather than a remedy itself."  Melchior, 106 Cal. App.4th at 784, 131 Cal. Rptr.2d 347.  Thus, the unjust enrichment claim is subject to dismissal.

Lopez v. Washington Mut. Bank, F.A. No. 1:09-CV-1838 AWI JLT, 2010 WL 1558938, at *10 - 11 (E.D. Cal. Apr. 19, 2010).

The same analysis applies here.  Accordingly, plaintiffs' unjust enrichment claim should be dismissed.[10]

VIII.   Conspiracy Claim

The complaint alleges that the defendants conspired with one another and others to defraud plaintiffs.  (Compl. at ¶¶ 97-102.) For the reasons addressed above, plaintiffs have failed to allege a cognizable fraud claim under state law.  Accordingly, any claim that the defendants conspired to defraud plaintiffs under state law  would likewise fail.  See Zumbrun v. University of Southern California, 25 Cal. App. 3d 1, 12 (1972) ("[N]o cause of action exists for conspiracy itself; the pleaded facts must show something which, without the conspiracy, would give rise to a

---

[10]   It may also be that plaintiffs' state law claim for unjust enrichment would be barred by the three-year statute of limitations applicable to claims for fraud or mistake, depending on the date of discovery.  See FDIC v. Dintino, 167 Cal. App.4th 333, 348-54 (2008).  However, the court need not conduct the fact intensive inquiry to determine the date of discovery of such a claim here, since it is subject to dismissal on the grounds set forth above.

1  cause of action."); see also Jones v. Wells Fargo Bank, 112 Cal. App. 4th 1527, 1541 (2003)

2  "[N]o cause of action for conspiracy exists unless the pleaded facts show some wrongful act that

3  would support a cause of action without the conspiracy."); Kerr v. Rose, 216 Cal. App. 3d 1551,

4  1564 (1990).  Moreover, "bare assertion of conspiracy" and "conclusory allegation of agreement

5  at some unidentified point" will not suffice to state a cognizable claim under federal pleading

6  standards.  Twombly, 550 U.S. at 556-57; Davenport v. Litton Loan Servicing, LP, 725 F. Supp.

7  2d 862, 881 (N.D. Cal. 2010) (plaintiff's conclusory allegation that defendants "agreed to

8  hoodwink her with an unconscionable loan" did not state a cognizable conspiracy cause of action).

9          Accordingly, plaintiffs' conspiracy claim should be dismissed.

10  IX.    RICO Claim

11          Liberally construed, plaintiffs allege that "defendants" constitute a RICO enterprise

12  that acted with the objective of perpetrating a fraud on plaintiffs through various corporate entities

13  and others and through the use of intentional non-disclosures, material misrepresentations and the

14  creation of fraudulent loan documents in connection with the subject mortgage loan.  (Compl. at

15  ¶ 106.)  This claim is not cognizable.

16          RICO makes it unlawful for any person to:  (a) use or invest income from a pattern

17  of racketeering activity to acquire an interest in, establish, or operate an enterprise; (b) acquire or

18  maintain an interest in an enterprise through a pattern of racketeering activity; (c) conduct or

19  participate in the affairs of an enterprise through a pattern of racketeering activity; or (d) conspire

20  to do any of the above.  18 U.S.C. § 1962(a)-(d); Walters v. Fidelity Mortgage of California, 730

21  F. Supp. 2d 1185, 1206 (E.D. Cal. 2010).  "[F]raudulent acts that form the alleged pattern of

22  racketeering activity" must be pleaded with particularity, pursuant to Rule 9(b).  Schreiber Distrib.

23  Co. v. ServWell Furniture Co., Inc., 806 F.2d 1393, 1400 (9th Cir.1986).  See also Edwards v.

24  Marin Park, Inc., 356 F.3d 1058, 1065-66 (9th Cir. 2004).  "[T]he pleader must state the time,

25  place, and specific content of the false representations as well as the parties to the

26  misrepresentation."  Schreiber Distrib. Co., 806 F.2d at 1401.  See also Moore v. Kayport Package

1 | Exp., Inc., 885 F.2d 531, 541 (9th Cir. 1989); Walters, 730 F. Supp. 2d at 1280.

2 Although plaintiffs' complaint does not specify which subsection of RICO was

3 allegedly violated by defendants, the allegations of the complaint do not support a claim under any

4 of the subsections.  Instead, plaintiffs merely allege that they were defrauded in connection with

5 their mortgage loan transaction.  Because plaintiffs have not alleged, and appear unable to allege,

6 any pattern of racketeering activity by defendants, their RICO claim cannot withstand a motion to

7 dismiss.  See Walters, 730 F. Supp. 2d at 1280 (lack of factual allegations sufficient to state a

8 RICO claim for which relief could be granted resulted in dismissal of claim); Green v. Alliance

9 Title, No. Civ. S-10-0242 MCE EFB PS, 2010 WL 3505072, at *13 (E.D. Cal.  Sept. 2, 2010)

10 (same); Guldbeck v. BNC Mortgage Inc., No. C 09-cv-5733 VRW, 2010 WL 727518, at * 8

11 (N.D. Cal. Mar. 1, 2010) ("Plaintiffs fail to make a single factual allegation that identifies an illicit

12 enterprise as defined by the RICO act, which is a pleading burden expressly required by the

13 statute.")

14 **X.     Quiet Title Claim**

15 Plaintiffs allege, again in conclusory fashion, that they intend to rescind the subject

16 mortgage loan and are entitled to quiet title free of any mortgage encumbrance.  (Compl. at ¶ 116.)

17 To the extent this bare allegation is intended as a separate claim for relief, it fails.

18 As a preliminary matter, plaintiffs' quiet title claim is deficient because they have

19 not alleged any specific claim against any specific defendant.  Rather, plaintiffs generally allege

20 their claim against "all defendants," without identifying which defendant is responsible for their

21 alleged injuries.  As such, plaintiffs have failed to place each of the defendants on notice of the

22 claim or claims being asserted against them.

23 Moreover, plaintiffs have admittedly not paid the debt owed, and therefore cannot

24 quiet title.  In this regard, "a mortgagor cannot quiet his title against the mortgagee without paying

25 the debt secured." Shimpones v. Stickney, 219 Cal. 637, 649 (1934). See also Aguilar v. Bocci,

26 39 Cal. App. 3d 475, 477 (1974); Kelley v. Mortgage Electronic Registration, 642 F. Supp. 2d

1    1048, 1057 (N.D. Cal. 2009) ("Plaintiffs have not alleged . . . that they have satisfied their

2    obligation under the Deed of Trust.  As such, they have not stated a claim to quiet title.").   Here,

3    plaintiffs' complaint does not allege that they have tendered, or are able to tender, the debt secured

4    by the subject property.  As such, plaintiffs cannot state a cognizable claim for quiet title and their

5    claim should be dismissed.

6    XI.      Dismissal of Claims As to Non-Moving Defendants

7                For the reasons set forth above, the undersigned has determined that defendant

8    Wachovia's motion to dismiss should be granted and that all claims against the moving defendant

9    should be dismissed.

10               The claims against the two non-appearing defendants named in plaintiffs'

11   complaint should also be dismissed.  "A District Court may properly on its own motion dismiss an

12   action as to defendants who have not moved to dismiss where such defendants are in a position

13   similar to that of moving defendants or where claims against such defendants are integrally

14   related."  Silverton v. Dep't of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981).  "Such a dismissal

15   may be made without notice where the [plaintiffs] cannot possibly win relief."  Omar v. Sea-Land

16   Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987).  The court's authority in this regard includes sua

17   sponte dismissal as to defendants who have not been served and defendants who have not yet

18   answered or appeared.  Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery, 44 F.3d 800, 802

19   (9th Cir. 1995) ("We have upheld dismissal with prejudice in favor of a party which had not yet

20   appeared, on the basis of facts presented by other defendants which had appeared.").  See also

21   Bach v. Mason, 190 F.R.D. 567, 571 (D. Idaho 1999); Ricotta v. California, 4 F. Supp. 2d 961,

22   978-79 (S.D. Cal. 1998).

23               Here, non-appearing defendant Lawyers Incorporation Services and non-moving

24   defendant Western Reconveyance Corporation are in a position substantially similar to that of

25   moving defendant Wachovia.  Plaintiffs' claims against all of the named defendants are integrally

26   related.  Indeed, plaintiffs' complaint, for the most part, fails to distinguish between the

19

1  defendants but rather levels their conclusory allegations against the "defendants" collectively.

2  Under these circumstances, plaintiffs' complaint should be dismissed in its entirety. _____

3  XII.    Granting Leave to Amend Would Be Futile

4         The undersigned has carefully considered whether plaintiff may amend their

5  complaint to state any claim upon which relief can be granted.  "Valid reasons for denying leave

6  to amend include undue delay, bad faith, prejudice, and futility."  California Architectural Bldg.

7  Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  See also Klamath-Lake

8  Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that

9  while leave to amend shall be freely given, the court does not have to allow futile amendments).

10  Leave to amend would clearly be futile in this case given the obvious deficiencies in, and

11  frivolous nature of, the complaint as well as plaintiffs' failure to file any opposition to defendant

12  Wachovia's motion to dismiss or to appear at the hearing thereon.  Accordingly, the undersigned

13  will recommend that this action be dismissed with prejudice.

14                                    CONCLUSION

15         For the reasons set forth above, IT IS HEREBY ORDERED that the Clerk of the

16  Court add defendant Western Reconveyance Corporation and its counsel to the docket in this

17  action (see Doc. No. 2); and

18         IT IS RECOMMENDED that:

19         1.  Defendant Wachovia's requests for judicial notice (Doc. No. 11) be granted

20  pursuant to Federal Rule of Evidence 201;

21         2. Defendant Wachovia's motion to dismiss (Doc. No. 10) be granted pursuant to

22  Federal Rule of Civil Procedure 12(b)(6);

23         3.  All claims against the non-moving defendants be dismissed; and

24         4. This action be dismissed in its entirety with prejudice.

25  /////

26  /////

1      These findings and recommendations will be submitted to the United States

2  District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within

3  fourteen days after being served with these findings and recommendations, any party may file and

4  serve written objections with the court.  A document containing objections should be titled

5  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to objections

6  shall be filed and served within seven days after the objections are served.  The parties are advised

7  that failure to file objections within the specified time may, under certain circumstances, waive

8  the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

9  DATED: March 25, 2011.

11  _____

12  DALE A. DROZD
    UNITED STATES MAGISTRATE JUDGE

14  Ddad1/orders.pro se
    ram10cv1834.mtd.f&r

21